[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR DEFICIENCY #160
The plaintiff, John Zandonella, represented by substituted plaintiff Mary Zandonella, filed a complaint on July 18, 1994, against the following defendants: Mark E. Kelley (Kelley); Federal Deposit Insurance Corporation as receiver for Brookfield Bank (FDIC); Allen Distassio (Distassio); the United States of America, the Internal Revenue Service (IRS); the State of Connecticut (State); Moldmark Plastics, Inc. (Moldmark) and Terrence E. Ward (Ward). The plaintiff alleges that by a note dated July 16, 1984, Kelley and Ward promised to pay John Zandonella $290,000 plus interest. To secure the note, Kelley and Ward mortgaged the premises located at 70 Chase Street, Bridgeport, Connecticut. The plaintiff also alleges that Kelley and Ward have failed to make payments on the note as of July 1, 1994, and that the amount of $149,787.84 is due. The plaintiff further alleges that the remaining defendants have various interests in the property. The FDIC, Distassio, IRS and State were defaulted for failure to disclose a defense on September 15, 1994.
On March 16, 1996, the plaintiff's motion for summary CT Page 4347 judgment as to liability only against Kelley, Moldmark and Ward was granted by the court, West, J. The court, West, J., then granted the plaintiff's motion for judgment of foreclosure by sale on April 8, 1996. The court found the debt owed to be $178,651.56 plus $8,400 for attorneys fees. A sale of the subject premises commenced on August 10, 1996 and the subject premises was sold to Industrial Wrecking Corporation for $235,000. On July 9, 1996, Kelley filed a petition for Chapter 11 Bankruptcy, and the amount towards the purchase price deposited by Industrial Wrecking Corporation was returned by order of the court, West,J., on August 26, 1996.
On April 8, 1997, Kelley's Chapter 11 Bankruptcy petition was dismissed with prejudice. The court, West, J., subsequently granted the plaintiff's motion to open the judgment of foreclosure by sale to set a new sale date on April 28, 1997. The court found that the debt owed was $218,284.98 plus $5,000 attorneys fees. A new sale was held on July 12, 1997, and a bid in the amount of $42,500 submitted by Industrial Wrecking Corporation was accepted. Upon approval by the court, the property was conveyed by the sale committee to Industrial Wrecking Corporation on July 16, 1997.
The plaintiff filed an objection on July 22, 1997, arguing that the sale price was "grossly inadequate" and that there were procedural deficiencies attendant to the sale. On August 28, 1997, Kelley appealed the court's approval of the committee sale to the Appellate Court. The Appellate Court dismissed Kelley's appeal as of April 9, 1998, on the ground that he failed to file a brief. On October 13, 1998, the plaintiff's motion for determination of priorities and supplemental judgment was granted by the court, Ballen, J., on November 9, 1998. From the purchase price of $42,500, the court, Ballen, J., allowed the committee $3,761.30 in fees and expenses. The court further found that since the plaintiff is entitled to a total sum in excess of the remaining proceeds, the court ordered that the remaining $38,738.70 be paid to the plaintiff.
Presently before the court is the plaintiff's motion for deficiency judgment. The plaintiff argues that in the supplemental judgment entered by the court on November 9, 1998, the plaintiff's debt was found to be $245,101.99, and with the reduction for the sale price credited to the plaintiff, the debt now stands at approximately $212,010.02. The plaintiff seeks a deficiency judgment in that amount against Kelley and Ward. The CT Page 4348 court heard oral argument on March 1, 1999 and briefs were subsequently filed by the plaintiff and Ward.
The plaintiff argues that she is entitled to rely upon the sale price to establish the value of the property for purposes of calculating the amount of the deficiency. Ward argues that the plaintiff has failed to provide to the court sufficient evidence from which the deficiency amount can be determined. Ward contends that an appraisal is needed pursuant to General Statutes §49-28,[1] and that the appraisal offered by the plaintiff cannot be used. Ward further argues that the thirty day limitation in § 49-14 (a)[2] applies to foreclosures by sale where the penalty provisions of § 49-48 are invoked.[3]
Ward's arguments are misplaced. Because the United States is named as a party in this suit, the plaintiff was required to move for foreclosure by sale pursuant to 28 U.S.C. § 2410 (c).[4]
"Often the United States refuses to appear in the case until the plaintiff amends his complaint and prayer for relief to request a judicial sale as required by 28 U.S.C. § 2410 (c). It then becomes apparent that the plaintiff may unwittingly become subject to the penalty provisions of § 49-28. That is cause for even greater concern since a sale must be ordered regardless of the equity situation, even when a deficiency is an absolute certainty." Caron, Connecticut Foreclosures (3d Ed. 1997) § 9.05B. "Under these circumstances, the mortgagor is not entitled to relief under [§ 49-28] since such a result would be inequitable."Union Trust Company v. Medina, Superior Court, judicial district of Litchfield, Docket No. 058200 (September 24, 1992, Pickett,J.). See also Citizens Savings Bank v. Gillotti, Superior Court, judicial district of Litchfield, Docket No. 058330 (February 10, 1994, Dranginis, J.) (9 C.S.C.R. 263) (one of the parties in the present action is the United States of America, thereby requiring a foreclosure by sale).
Therefore, because the United States is named as a defendant in the present suit, the plaintiff was required to seek foreclosure by sale.[5] As a result, Ward is not entitled to apply the penalty provisions of § 49-28. Accordingly, Ward's arguments concerning the timeliness of the plaintiff's motion for a deficiency judgment pursuant to § 49-14 (a) are inapposite because those arguments hinge on the appraisal component of §49-28. In addition, Ward's arguments regarding the sufficiency of the plaintiff's appraisal are inapposite, because appraisal CT Page 4349 evidence would be relevant only if the penalty provision of §49-28 were applicable. "In calculating a deficiency judgment, a mortgagor is not entitled to a credit for the fair market value of the property sold, but, rather, is entitled to a credit for the amount of the sale proceeds. . . . The deficiency is calculated by subtracting the sale proceeds from the debt. . . ." (Citation omitted.) Federal Deposit Ins. Co. v. Fonte,48 Conn. App. 531, 542-43, 712 A.2d 416 (1998). Therefore, because a deficiency following a foreclosure by sale is determined simply by subtracting the sales price from the debt, no evidence concerning the appraised value of the property was necessary.
It would be inequitable to apply the penalty provision of § 49-28 to the plaintiff in light of the fact that the United States is named as a defendant, requiring the plaintiff to move for foreclosure by sale. Further, Ward's arguments attacking the sufficiency of the plaintiff's appraisal are irrelevant, as a deficiency judgment is not determined by the appraisal of the property's fair market value. Also, the thirty day limitation in § 49-14 (a) does not apply because the appraisal is not relevant in the context of a foreclosure by sale.
Accordingly, the plaintiff's motion for a deficiency judgment is granted.
BALLEN, J.T.R.